## BLAKE et al. v. AL PARKER SECURITIES CO.

### No. 8694.

Court of Civil Appeals of Texas. San Antonio.

Dec. 9, 1931.

Rehearing Denied Feb. 3, 1932.

Greenwood & Lewis, of Harlingen, for plaintiffs in error.

H. L. Faulk, of Brownsville, for defendant in error.

FLY, C. J.

This is an action in trespass to try title to 14.73 acres of land, described as lot 56 of Pomelo subdivision, out of the La Feria grant in Cameron county, Tex., brought by defendant in error against plaintiffs in error. Plaintiffs in error filed a cross-action against defendant in error to foreclose a lien for material furnished to one O. J. Law, who had a contract of purchase for the land with defendant in error, which he forfeited. A judgment was rendered in favor of defendant in error for the land and that plaintiffs in error take nothing by their cross-action.

There being no statement of facts, this court necessarily must adopt the findings of fact of the trial judge, as follows:

"The plaintiff has a regular chain of title from the sovereignty of the soil, and was the owner of the land on the 10th day of December, 1924.

"On that date the plaintiff entered into a contract with one O. J. Law, wherein the plaintiff agreed to sell said land to O. J. Law for a consideration of $10,672, of which amount $500 was to be paid in fifteen days and $4,836 to be paid in ninety days, the balance to be paid by Law assuming the payment of five notes each in the sum of $720.35,

due one to five years from date of the contract and executing five notes for $346.85, due one to five years from date of the contract, and that under the contract the said Law was not entitled to a deed until he had paid one-half of the total consideration, being the first two payments for $500 and $4,836 respectively.

"Thereafter the defendant Law made the following payments, and none others, to the plaintiff, to wit:

| | | | |
|---|---|---|---|
| December | 20, 1924 | $ | 500.00 |
| April | 21, 1926 | | 455.00 |
| June | 7, 1926 | | 41.62 |
| January | 5, 1927 | | 388.47 |
| August | 10, 1926 | | 706.00 |
| December | 20, 1926 | | 41.60 |
| December | 20, 1926 | | 41.60 |
| | Total | | $2,215.89 |

"Credits for these payments were made upon the contract and at various times payments were extended to August 10, 1927, under the contract.

"Shortly after the execution of this contract the plaintiff gave Law permission to take possession of the land and to begin improvements of the property, and the said Law went upon the land, cleared it, and plowed it, and built irrigation canals.

"In 1925 he went to the South Texas Lumber Company and asked the lumber company to furnish him material for the construction of a house on the lands, to be paid for when the building was completed.

"The South Texas Lumber Company agreed to furnish the materials necessary for the construction of the house to the said O. J. Law, the actual construction of the house to be done by a contractor, employed by Law. The South Texas Lumber Company thereafter did furnish and deliver on the land for the account of O. J. Law a part of the material, but, before all of the material had been delivered, the South Texas Lumber Company was unable to complete delivery on account of impassable roads, and requested the said Law to obtain the balance of his material from the defendant Blake, who operated a lumber yard nearer to the land.

"Before Blake delivered any material onto the land, his local manager went to the office of the plaintiff, the Al Parker Securities Company, and there had a conversation with L. R. Beddoes, who was secretary-treasurer of the Al Parker Securities Company, and the plaintiff's agent, and there made inquiry concerning the said O. J. Law's financial standing; that the said Beddoes told the said agent that his company regarded Law as being responsible and the company would stand good for the account.

"No other transaction was had between the Al Parker Securities Company and Thos. W. Blake concerning this account.

"Thereafter defendant delivered material to the said O. J. Law for the value of $960.80, and the last of this material was delivered onto the grounds on the 5th day of November, 1925.

"The said O. J. Law failed and refused to pay for the material, and thereafter, on February 23, 1926, the defendant filed in the office of the county clerk a materialman's lien.

"From the delivery of the last material upon the ground, until the filing and recording of the lien, 110 days had transpired.

"At the time this lien was recorded, the Al Parker Securities Company was the owner of the land, and the only interest the said O. J. Law had was under the above referred to contract.

"Thereafter, in November, 1927, the defendant recovered a judgment against Law in the county court of Cameron county in a suit upon said note. In said suit the plaintiff in this case was not a party, and the suit did not seek to foreclose the lien now claimed by the plaintiff. The judgment recovered against Law was in the sum of $809.91, including interest and costs of suit, and such judgment was duly abstracted.

"Thereafter, on September 14, 1926, at the request of the defendant, the said Law gave the defendant a promissory note for the amount of his debt; said note to mature March 14, 1927.

"No execution was ever issued on this judgment.

"At no time until after the filing of this suit did the defendant make demand upon the plaintiff for the payment of this debt.

"The said Law surrendered possession of said land on August 10, 1927, and thereafter, on March 28, 1928, the Al Parker Securities Company sold this land by warranty deed to Al. W. Hoisinski. Thereafter, on February 15, 1929, the said Hoisinski reconveyed said land to the Al Parker Securities Company.

"This suit was filed by the plaintiff on the 19th day of February, 1930, and the answer and cross-action of the defendant was filed on the 22d day of April, 1930, and the filing of this cross-action was the first demand made upon the plaintiff for the payment of the debt of the said O. J. Law.

"From the time of the furnishing of the last material to the said O. J. Law to the filing of defendant's cross-action was four years and five months."

The cross-action was based on a lien for material furnished more than four years before the action was filed. The cross-action occupies the same position that it would have held had plaintiff in error sued on it in an independent suit. If the cause of action would

have been barred in an original action, it was barred by limitation in the cross-action, for the latter occupies the same position it would in an independent suit. Ruling Case Law, § 190, p. 581. If it be admitted that the lien established against the intending purchaser would form the basis of a recovery against the owner, it was undoubtedly barred by limitation of four years.

 No promise in writing to pay for the material on the part of defendant in error was produced, and it would not be bound by any parol agreement, if it be true that it made any such agreement. Its agreement, if made, was also barred by limitation.

The judgment will be affirmed.